IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| SYLVESTER RUBEN LEWIS | ) | |

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Sylvester Ruben Lewis. The United States of America, by and through its attorney, Joseph D. Newman, Acting United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

Although Defendant did not file a specific motion for discovery, the government states that it has provided "open file" discovery in this case. The government has provided approximately 2,535 pages of discovery material, and 11 DVDs containing recorded phone calls and summaries of those calls; additional recordings were made available for review at the office of the Federal Bureau of Investigation ("FBI"). The discovery materials include, *inter alia*, the investigation reports of the FBI and the United States Attorney's Office (attorney and agent work product excepted, and personal identification information redacted). All known statements by Defendant have also been produced, as has his criminal record. The results of any scientific tests have been provided in the discovery materials, but if any further tests are conducted, the results will be provided upon their receipt. In any event, the Court finds that the position of the United States Attorney in permitting full disclosure of the

government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## **MOTION FOR LIST OF GOVERNMENT WITNESSES**

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. <u>United States v. Massell</u>, 823 F.2d 1503, 1509 (11th Cir. 1987); <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983); <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its

2

discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 160).

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated June 19, 2009 (doc. no. 26), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 161).

### MOTION FOR PRE-TRIAL JAMES HEARING and FOR PRE-TRIAL DISCLOSURE OF CO-CONSPIRATOR STATEMENTS

Defendant has moved for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. Defendant also seeks disclosure of co-

3

conspirator and co-defendant statements. United States v. James, 590 F.2d 575 (5th Cir. 1978) (*en banc*), requires that, before the case is submitted to the jury, the Court must determine whether the prosecution "has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co-conspirator and defendant against whom the co-conspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy." Id. at 582; United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005) (same); see also Fed. R. Evid. 801(d)(2)(E).

A pre-trial determination under James is not required. United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991); United States v. Dyer, 752 F.2d 591, 595 (11th Cir. 1985). The required finding can be made at the close of the government's case-in-chief. United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984). Further, the Court may examine the statements sought to be admitted when making the factual determination. Bourjaily v. United States, 483 U.S. 171, 180-81 (1987); United States v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002) (*per curiam*).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial. Therefore, the motion for a pre-trial James hearing is **DENIED**. (Doc. no. 162-1).

As to the request for disclosure of co-defendant and co-conspirator statements, the Court recognizes that the language of Fed. R. Crim. P. 16(a)(1)(A) requires disclosure of statements "made by the defendant(s)," but the Court does not agree with the argument that this provision mandates disclosure of co-conspirator statements, since those statements are

imputed to the respective Defendants in this case under Fed. R. Evid. 801(d)(2)(E). Specifically, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J., concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**. (Doc. no. 162-2).

### MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant is **DENIED**. (Doc. no. 166). The Court ordered that all motions in this case were to be filed by August 10, 2009, and that untimely motions would not be considered absent a showing of good cause for failure to file within the time

set by the Court.[1] This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 169), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTIONS FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of

---

[1] A motion may not be filed outside the deadlines set by this Court except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 197-1, 197-2).

SO ORDERED this 27th day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE